UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| State of Minnesota, | Court File No. 15-cv-3873 (DWF/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Richard Willmar Rapatt, | |
| Defendant. | |

---

This matter comes before the undersigned United States Magistrate Judge upon the routine supervisions of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636; and upon Plaintiff the State of Minnesota's ("Plaintiff") Motion to Dismiss Notice of Removal of State Court Restitution Affidavit to United States District Court Pursuant to 28 U.S.C. 1331, 1332, 1441 and 1446. [Docket No. 8].

For the reasons discussed herein, it is recommended that the Plaintiff's Motion to Dismiss Notice of Removal of State Court Restitution Affidavit to United States District Court Pursuant to 28 U.S.C. 1331, 1332, 1441 and 1446, [Docket No. 8], be **GRANTED.** It is also recommended that this matter be summarily **REMANDED** to Minnesota State District Court, County of Otter Tail, Seventh Judicial District.

I.   **BACKGROUND**

On March 2, 2015, the State of Minnesota filed its Complaint in Minnesota State District Court, County of Otter Tail, Seventh Judicial District charging Defendant with four counts of Taxes–Failure to File Return, in violation of Minn. Stat. § 289A.63, Subd. 1(a), including one count for failing to file by April 15 for each of the years 2009, 2010, 2011, and 2013; and four

counts of Taxes–Failure to Pay, in violation of Minn. Stat. § 289A.63, Subd. 1(b), including one count for failing to pay by April 15 for each of the years 2009, 2010, 2011, and 2013. (State Court Order, [Docket No. 8-1], at 3). In that same State court, on April 9, 2015, Sara K. Westly filed an Affidavit of Restitution on behalf of the Minnesota Department of Revenue summarizing Defendant's outstanding balance associated with his alleged failures to pay taxes. (Id.).

On October 16, 2015, Defendant removed the present action to Federal Court purportedly pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 on the asserted basis of federal question jurisdiction and diversity of citizenship jurisdiction. (Notice of Removal [Docket No. 1]).

On November 5, 2015, Plaintiff filed the present Motion to Dismiss Notice of Removal of State Court Restitution Affidavit to United States District Court Pursuant to 28 U.S.C. 1331, 1332, 1441 and 1446 ("Motion to Dismiss"). [Docket No. 8]. Plaintiff did not file an accompanying memorandum of law; instead Plaintiff stated in its motion to dismiss that it "adopt[ed] the State District Court's rationale by reference" and attached to that motion the "Order by Honorable Waldemar B. Senyk dated October 23, 2015" which outlined Judge Senyk's rationale as to why Defendant's action should be remanded back to State Court. (Plf.'s Mot. to Dismiss [Docket No. 8]).

## II.   PLAINTIFF'S MOTION TO DISMISS

Plaintiff moves this Court for an order "denying and dismissing this action with prejudice." (Plf.'s Mot. to Dismiss [Docket No. 8]). Plaintiff argues that the present action should be dismissed reasoning that the court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1); Defendant failed to state a claim upon which relief can be granted

pursuant to Federal Rule of Civil Procedure 12(b)(6); and there was insufficient service under Federal Rule of Civil Procedure 12(b)(4). (Plf.'s Mot. to Dismiss [Docket No. 8]).[1]

A. Standard of Review

"A court must dismiss an action over which it lacks subject matter jurisdiction." Pomerenke v. Bird, No. 12–cv–1757 (DSD/JJG), 2014 WL 30363, at *1 (D. Minn. Jan. 3, 2014) (citing Fed. R. Civ. P. 12(h)(3)). Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a pleading for lack of subject matter jurisdiction. Such a motion may at any time challenge the sufficiency of the pleading on its face or may challenge the factual truthfulness of its allegations. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). In a factual challenge, courts may consider matters outside of the pleadings, and no presumptive truthfulness attaches to the non-movant's factual allegations. Osborn, 918 F.2d at 729–30, n. 6.

"Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

B. Analysis

As noted above, Defendant purported to remove the present action to Federal Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 on the asserted basis of federal question jurisdiction and diversity of citizenship jurisdiction. (Notice of Removal [Docket No. 1]).

---

[1] As the Court recommends granting Plaintiff's motion to dismiss for lack of subject matter jurisdiction, the Court does not reach Plaintiff's alterative arguments for dismissal. Neither the Notice of Removal, [Docket No. 1], nor the Motion to Dismiss, [Docket No. 8], contain adequate information for the Court to perform a proper analysis under Rules 12(b)(4) or 12(b)(6). The Court also notes that Plaintiff's motion would more aptly been brought as a motion to remand, however, as the same jurisdictional issues are raised, the Court precedes under that subject matter jurisdiction analysis.

Under § 1331, "[t]he district courts shall have original jurisdiction of all <u>civil actions</u> arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). Regarding § 1331, Defendant argues in his Notice of Removal that:

> The subject matter jurisdiction for removal consists of federal questions under 28 U.S.C. § 1331 including but not limited to issues of a Non-Filer of Federal Income Tax Form 1040 OMB 1545-0074 and definition of "Federal Adjustments," "Federal Taxable Income," "Federal Adjusted Gross Income," "Taxable Year," "Withholding Agent," Taxes dues and owing the Government of the United States concerning Part 1 Subtitle A–Income Taxes, Substitute for Returns under 6020(b) for Non-Filers and in compliance with Chief Counsel Notice **CC-2007-005,** the interpretation of Laws of the United States and Internal Revenue Law on Income Tax and the standing to sue of a private party Sara K. Westly claiming a injury/loss arising under Laws of the United States for all Cases and Controversies concerning the Federal Internal Revenue.

(Notice of Removal, [Docket No. 1], at 1–2).

It appears Defendant is arguing that certain federal laws related to Federal "Internal Revenue Law," which he believes would give him standing to sue a private party, also somehow allow him to remove to Federal Court a criminal case pending against him in State court. (<u>See Id.</u>). The intricacies of that argument are unclear to the Court, however, that argument clearly does not address the fact that § 1331 refers only to "civil actions." <u>See</u> 28 U.S.C. § 1331. Because this is a criminal matter, not a civil matter, Defendant cannot avail himself of § 1331.

Under § 1332, "[t]he district court shall have original jurisdiction of all <u>civil actions</u> where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between—(1) citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332 (emphasis added). Regarding § 1332, Defendant argues that:

> Diversity of citizen under 28 U.S.C. § 1332 as Rapatt is a "citizen of Minnesota" domiciled in Minnesota, one of the several States; and, Sara K Westly is a "citizen of the United States" and a resident of the State of Minnesota. See **Attached 1—**

> **Political Status, Citizenship and Allegiance; and Attachment 2—Qualified Elector Voter Registration State of Minnesota.**

(Notice of Removal, [Docket No. 1], at 2).

It appears that Defendant is arguing that he is a citizen of Minnesota, but not of the United States, while Sara Westly is a citizen of the Unites States, and therefore, diversity of citizenship exist. (See Id.). Notwithstanding the facts that Defendant has not proffered significant evidence that he is no longer a United States citizen, that Sara K. Westly is not a party to the underlying actions, and that Defendant does not address the amount in controversy requirement, Defendant still fails to address § 1332's applicability to only "civil actions." See 28 U.S.C. § 1332. Because this is a criminal matter, not a civil matter, Defendant cannot avail himself of § 1332.

Under § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Section 1446 governs the procedure for removing such a of civil action, providing that "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ." 28 U.S.C. § 1446 (emphasis added).

Regarding §§ 1441 and 1446, Defendant argues that:

> This Notice of Removal is in compliance in compliance [sic] with 28 U.S.C. § 1441 and 28 U.S.C. § 1446 especially issues of determination of compliance and interpretations of the Laws of the United States under federal question, standing the [sic] sue under Article III, Part I Subtitle A—Income Taxes and of the Internal Revenue Laws application under the "public rights" doctrine relationship allegedly existing between Rapatt and the Government of the United States.. [sic]

(Notice of Removal, [Docket No. 1], at 2). While not entirely evident, it appears to the Court that Defendant is arguing that his purported compliance with §§ 1441 and 1446, confer federal question jurisdiction onto his criminal case. Despite the non-clarity of Defendant's argument, it is clear that it does not address the fact that this is a criminal action and §§ 1441 and 1446 apply only to civil actions.

By their plain terms, §§ 1441 and 1446 provide for removal of only civil actions. Minnesota v. Bugoni, 15-cr-157 (SRN), 2015 WL 2451255 (D. Minn. May 21, 2015) (citing Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253 (9th Cir. 2006); Burns v. City of Apple Valley, No. 00-cv-2638 (JRT/FLN), 2001 WL 670833, at *4 (D. Minn. June 13, 2011)). Because this is a criminal matter, not a civil matter, Defendant may not avail himself of § 1441. Because § 1446 governs only the proper procedure for removing a civil action, Defendant may not use § 1446 as a basis for removal of this criminal matter.

Therefore, the Court recommends Plaintiff's Motion to Dismiss Notice of Removal of State Court Restitution Affidavit to United States District Court Pursuant to 28 U.S.C. 1331, 1332, 1441 and 1446, [Docket No. 8], be **GRANTED**, and the present case be summarily **REMANDED** to Minnesota State District Court, County of Otter Tail, Seventh Judicial District.

### III. CONCLUSION

Based on the foregoing reasons, all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that**:**

1. Plaintiff's Motion to Dismiss Notice of Removal of State Court Restitution Affidavit to United States District Court Pursuant to 28 U.S.C. 1331, 1332, 1441 and 1446, [Docket No. 8], be **GRANTED**, as set forth above;

2. Defendant's action be **DISMISSED** for lack of subject matter jurisdiction; and

3.  This action be **REMANDED** to Minnesota State District Court, County of Otter Tail, Seventh Judicial District.

Dated: March 23, 2016                        s/Leo I. Brisbois
                                             Leo I. Brisbois
                                             U.S. MAGISTRATE JUDGE

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.