UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

State of Minnesota,                                       Civil No. 15-3873 (DWF/LIB)

            Plaintiff,

v.                                                **ORDER ADOPTING REPORT**
                                                   **AND RECOMMENDATION**

Richard Willmar Rapatt,

            Defendant.

This matter is before the Court on *Pro Se* Defendant Richard Willmar Rapatt's ("Rapatt") self-styled objection (Doc. No. 20) to the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois dated March 23, 2016 (Doc. No. 14) insofar as it recommends that: Plaintiff's Motion to Dismiss Notice of Removal of State Court Restitution Affidavit to United States District Court Pursuant to 28 U.S.C. 1331, 1332, 1441 and 1446 (Doc. No. 8) be granted; Defendant's action be dismissed for lack of subject matter jurisdiction; and this action be remanded to Minnesota State District Court, County of Otter Tail, Seventh Judicial District. (Doc. No. 14 at 6-7.)

The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objection. In the Report and Recommendation, Magistrate Judge Brisbois noted that Defendant purported to remove this action (initially a criminal case pending against Defendant in State court charging Defendant with failing to file tax returns) to Federal Court on the asserted basis of federal question jurisdiction and diversity of

citizenship jurisdiction.   (Doc. No. 14 at 3-4.)   Defendant bases the removal on 28 U.S.C. §§ 1331, 1332, 1441, and 1446.   (*Id*.)   The Magistrate Judge, however, explained that because this is a criminal, not a civil, matter, Defendant cannot avail himself of 28 U.S.C. §§ 1331 or 1332 to establish jurisdiction or rely on §§ 1441 or 1446 as a basis for removal, as those provisions apply only to civil actions.   (*Id*. at 4-6.)   In his opposition, Defendant provides no basis for which the Court would have jurisdiction over the state criminal case, nor does he cite to any authority that would allow for the removal of his state criminal case to this Court.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2 (b).   After carefully considering Defendant's objection, the Court finds no reason that would warrant a departure from the Magistrate Judge's recommendation. Based upon the Court's *de novo* review of the record and all of the files, records, and proceedings herein, the Court hereby enters the following:

## ORDER

1.      Magistrate Judge Leo I. Brisbois's March 23, 2016 Report and Recommendation (Doc. No. [14]) is **ADOPTED**.

2.      Plaintiff's Motion to Dismiss Notice of Removal of State Court Restitution Affidavit to United States District Court Pursuant to 28 U.S.C. 1331, 1332, 1441 and 1446 (Doc. No. [8]) is **GRANTED**.

3.      Defendant's action is **DISMISSED** for lack of subject matter jurisdiction.

4. This action is **REMANDED** to Minnesota State District Court, County of Otter Tail, Seventh Judicial District.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   May 4, 2016                             s/Donovan W. Frank
                                                 DONOVAN W. FRANK
                                                 United States District Judge